UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| SEAN SWEENEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. _____ |
| | ) |
| UPS SUPPLY CHAIN SOLUTIONS, INC., | ) |
| | ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant United Parcel Service, Inc., incorrectly captioned as "UPS Supply Chain Solutions, Inc." ("Defendant")[1] hereby notices the removal of this action from the Superior Court of the State of Maine for Penobscot County (the "State Court") to the United States District Court for the District of Maine.  In support of this Notice of Removal, Defendant states as follows:

## STATE COURT ACTION

On or about May 26, 2021, Sean Sweeney ("Plaintiff") commenced an action in the State Court, captioned *Sean Sweeney v. UPS Supply Chain Solutions, Inc.*, Civil Action No. PENSC-CIV-2021-00055 (the "State Court Action").  The State Court Action is now pending in that court.

On or about June 1, 2021, Plaintiff served Defendant with the Complaint in the State Court Action.[2]  Attached as **Exhibit A** is a copy of the Summons and Complaint in the State

---

[1] Plaintiff has incorrectly sued UPS Supply Chain Solutions, Inc. No employment relationship existed between Plaintiff and UPS Supply Chain Solutions, Inc. Plaintiff's current employer is United Parcel Service, Inc., an Ohio corporation.

[2] Plaintiff filed proof of service of his Complaint on UPS Supply Chain Solutions, Inc. in a different State Court Docket, PENSC-CIV-2021-00050 (the "Alternative State Court Action"). In that docket, Plaintiff filed an identical Complaint against UPS Ground Freight, Inc. on or about May 13, 2021. Plaintiff has never served UPS Ground Freight, Inc. In addition, on June 16, 2021, Plaintiff filed an Amended Complaint against UPS Supply Chain Solutions, Inc. in the State Court Action, but has not served it yet.

1

Court Action. The document attached as **Exhibit A** constitutes "all process, pleadings, and orders" in the State Court Action, pursuant to 28 U.S.C. § 1446(a). A certified copy of the State Court record has been requested and will be filed with this Court upon receipt.

## TIMELINESS OF REMOVAL

This Notice of Removal is timely filed within thirty (30) days after Defendant was served with the Complaint in the State Court Action, as required by 28 U.S.C. § 1446(b)(1). *See* 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999); *Romulus v. CVS Pharmacy, Inc.*, 770 F.3d 67, 72 (1st Cir. 2014).

This Notice of Removal is also filed within one year of the commencement of the State Court Action and is therefore timely under 28 U.S.C. § 1446(c)(1).

## GROUNDS FOR NOTICE OF REMOVAL

Removal is proper based on this Court's original diversity jurisdiction pursuant to 28 U.S.C. § 1332. 28 U.S.C. § 1332(1) provides, in relevant part, that:

> The district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –
>
> (1) citizens of different States[.]

This action is a civil action over which the Court has original jurisdiction based on diversity of citizenship because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs, as set forth below.

**I.    Diversity of Citizenship**

According to the Complaint, Plaintiff is a citizen of the State of Maine. *See* **Exhibit A**, Complaint ¶ 1.

For diversity jurisdiction purposes, a corporation is deemed a citizen of its State of incorporation and the State where it has its principal place of business. *See* 28 U.S.C. §

1332(c)(1).  As clarified by the United States Supreme Court, "the phrase 'principal place of business' [in Section 1332(c)(1)] refers to the place where the corporation's high-level officers direct, control, and coordinate the corporation's activities.  Lower federal courts have often metaphorically called that place the corporation's 'nerve center.'  We believe that the 'nerve center' will typically be found at a corporation's headquarters." *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010) (citations omitted).

Defendant is incorporated under the laws of the State of Delaware.  Defendant's corporate headquarters are located in Atlanta, Georgia.  Thus, Defendant's principal place of business is in the State of Georgia.  Accordingly, Defendant is a citizen of the States of Delaware and Georgia for purposes of determining diversity of citizenship, and the parties are completely diverse.  Diversity of citizenship existed between the parties at the time Plaintiff's Complaint was filed and continues to exist at the time this Notice of Removal is being filed.

**II.    Amount in Controversy**

Although Plaintiff's Complaint does not specify the precise amount of damages sought, it is more likely than not that the amount in controversy in this case exceeds $75,000.00, exclusive of interest and costs.  "In assessing the amount in controversy, the Court considers the litigation value of the case, an amount arrived at by drawing all reasonable inferences in favor of Plaintiff's complaint." *Finley v. George Weston Bakeries Distrib., Inc.*, 473 F. Supp. 2d 105, 106 (D. Me. 2007).  In his Complaint, Plaintiff is seeking compensatory damages, punitive damages, and lost income.  *See* **Exhibit A**, Complaint ¶¶ 12.  Plaintiff also seeks statutory attorney's fees, interest and costs, which the Court may properly consider in estimating whether the amount in controversy on his claim will be over the jurisdictional threshold, should he ultimately prevail.  *See* **Exhibit A**, Complaint ¶ 12; *Spielman v. Genzyme Corp.*, 251 F.3d 1, 6

(1st Cir. 2001) (attorneys' fees may be included in the amount in controversy determination where "a statute mandates or allows payment of the fees"). As a result, it is more likely than not that the amount in controversy in this case exceeds $75,000.00, exclusive of interests and costs. Accordingly, this Court has jurisdiction over the pending action pursuant to 28 U.S.C. § 1332(a).

## VENUE

The United States District Court for the District of Maine is the District Court of the United States within which the State Court Action is currently pending, and therefore venue is proper under 28 U.S.C. §§ 1441(a) & 1446(a).

## NOTICE TO ADVERSE PARTIES AND STATE COURT

Pursuant to 28 U.S.C. § 1446(d), Defendant is submitting a copy of this Notice of Removal for filing with the Clerk of the Superior Court of the State of Maine for Penobscot County.

Pursuant to 28 U.S.C. § 1446(d), upon filing of this Notice of Removal, Defendant gave written notice thereof to Plaintiff's counsel, Brett D. Baber, Esq., of Lanham Blackwell & Baber, P.A., 133 Broadway, Bangor, ME 04401.

## RESERVATION OF RIGHTS

By filing the Notice of Removal, Defendant does not waive any objections it may have as to service, jurisdiction, or venue, or any other defenses available to it at law, in equity or otherwise. Defendant intends no admission of fact or law by this Notice and expressly reserves all defenses and motions.

If the Court should be inclined to remand this action, Defendant requests that the Court issue an Order to Show Cause why the case should not be remanded, providing Defendant an

opportunity to present briefing and argument prior to any possible review. Because a remand order is not subject to appellate review, such a procedure is appropriate.

As required by 28 U.S.C. § 1446(a), this Notice of Removal is signed under Rule 11 of the Federal Rules of Civil Procedure.

## RELIEF REQUESTED

Defendant requests that the United States District Court for the District of Maine assume jurisdiction over the above-captioned action and issue such further orders and processes as may be necessary to bring before it all parties necessary for the trial of this action.

WHEREFORE, Defendant respectfully requests that this action proceed as an action properly removed from the Superior Court of the State of Maine for Penobscot County, to the United States District Court for the District of Maine.


Dated:  June 23, 2021                                Respectfully submitted,


                                                     */s/ Melinda J. Caterine*
                                                     Melinda J. Caterine (Bar No. 007129)
                                                     Steven J. Silver (Bar No. 005946)
                                                     LITTLER MENDELSON, P.C.
                                                     One Monument Square, Suite 600
                                                     Portland, ME 04101
                                                     Phone:  207.774.6001
                                                     mcaterine@littler.com
                                                     ssilver@littler.com

                                                     *Attorneys for Defendant*
                                                     *UPS Supply Chain Solutions, Inc.*

## CERTIFICATE OF SERVICE

I, Melinda J. Caterine, hereby certify that I electronically filed the foregoing document using the CM/ECF system on the date noted below, which will send notification of such filing to the following:

Brett D. Baber, Esq.
Lanham Blackwell & Baber, P.A.
133 Broadway
Bangor, ME 04401

*Attorney for Plaintiff Sean Sweeney*

Dated:  June 23, 2021

                */s/ Melinda J. Caterine*
                Melinda J. Caterine (Bar No. 007129)
                Steven J. Silver (Bar No. 005946)
                LITTLER MENDELSON, P.C.
                One Monument Square, Suite 600
                Portland, ME 04101
                Phone:  207.774.6001
                mcaterine@littler.com
                ssilver@littler.com

                *Attorneys for Defendant*
                *UPS Supply Chain Solutions, Inc.*